IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSICA JEWEL CORIN BENTON, #02218909, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:21-cv-3081-E-BN |
| DIRECTOR, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jessica Jewel Corin Benton ("Petitioner") – a Texas prisoner – was charged in Dallas County with continuous sexual abuse of a child under 14. Dkt. No. 15-6 at 22. She pled not guilty, but a jury found her guilty as charged and sentenced her to 60 years of imprisonment. *See State of Texas v. Jessica Jewel Corin Benton*, F-1641572-X (Crim. Dist. Ct. No. 6, Dallas County, Tex. Aug. 23, 2018); Dkt. 15-6 at 102-04.

The Fifth Court of Appeals affirmed the judgment. *See Benton v. State*, No. 05-18-01024-CR, 2020 WL 2124179 (Tex. App. – Dallas May 5, 2020, pet. ref'd) (mem. op., not designated for publication). And the Texas Court of Criminal Appeals (CCA) denied Petitioner's petition for discretionary review. *See Benton v. State*, PDR No. PD-0468-20 (Tex. Crim. App. 2020).

Petitioner then filed this application for federal habeas relief pursuant to 28

U.S.C. § 2254, which she later amended. *See* Dkt. Nos. 1, 6. The Court referred this action to a United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) pursuant to a standing order of reference from United States District Judge Ada Brown. The case was reassigned to the undersigned United States magistrate judge on December 19, 2022. The State responded to Petitioner's application. *See* Dkt. No. 14. Petitioner filed a reply. *See* Dkt. No. 19.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny Petitioner's application for a writ of habeas corpus.

**Legal Standards**

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins – and often ends – with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under which "state prisoners face strict procedural requirements and a high standard of review." *Id.* (citation omitted).

Under the AEDPA, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Adekeye*, 938 F.3d at 682 ("Once state remedies are exhausted, AEDPA limits federal relief to cases where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" (citation omitted)); *Allen v. Vannoy*, 659 F. App'x 792, 798-99 (5th Cir. 2016) (per curiam) (describing Section 2254(d) as "impos[ing] two significant restrictions on federal review of a habeas claim. . . 'adjudicated on the merits in state court proceedings'").

And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was *incorrect*, but whether it was *unreasonable* – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (emphasis in original) (citation omitted)).

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and again, that the [AEDPA] prohibits the federal courts of appeals from relying on

their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

"A state court unreasonably applies clearly established Supreme Court precedent when it improperly identifies the governing legal principle, unreasonably extends (or refuses to extend) a legal principle to a new context, or when it gets the principle right but 'applies it unreasonably to the facts of a particular prisoner's case.'" *Will v. Lumpkin*, 978 F.3d 933, 940 (5th Cir. 2020) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000); citation omitted). "But the Supreme Court has only clearly established precedent if it has 'broken sufficient legal ground to establish an asked-for constitutional principle.'" *Id.* (quoting *Taylor*, 529 U.S. at 380-82; citations omitted).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. . . . A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations, emphasis, and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or. . . could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see also Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with

considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon." (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal

quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. 28 U.S.C. § 2254(d)(2); *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder *must* conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted; emphasis in original).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford*

*v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (stating that Section 2254(e)(1) "'deference extends not only to express findings of fact, but to the implicit findings of the state court.' As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

And, even if the state court errs in its factual findings, mere error is not enough – the state court's decision must be "*based* on an unreasonable factual determination." *Will*, 978 F.3d at 942 (emphasis in original). In other words, habeas relief is unwarranted if the state court's conclusion would not have changed even if it got the disputed factual determination right. *See id.*

Further, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Richter*, 562 U.S. at 98; *see also Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision." (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc)) (per curiam)); *Evans*, 875 F.3d at 216 n.4 (recognizing that even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (citing *Neal*, 286 F.3d at 246)). This is "[b]ecause a federal habeas court only reviews the reasonableness of the state court's ultimate decision," "not the written opinion explaining that decision." *Schaetzle v.*

*Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003) (quoting *Neal*, 286 F.3d at 246).

Section 2254 thus creates a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [her] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

## Analysis

In her sole ground, Petitioner contends that the state court denied her Eighth and Fourteenth Amendment rights because it "erred in ruling that Petitioner did not preserve her *Graham v. Florida*[, 560 U.S. 48 (2010)] claim, and the sentencing scheme under which Petitioner was sentenced violates *Graham* where Texas is the only state that requires the sentence Petitioner received to be served without the possibility of parole." Dkt. No. 6 at 16; *see also id.* at 5.

Respondent contends that this claim is procedurally defaulted and, alternatively, is without merit.

### A. Procedural Default

A federal court generally may not consider the merits of a habeas claim if a

state court has denied relief due to a procedural default. *See Sawyer v. Whitley*, 505 U.S. 333, 338 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default occurs when "a state court clearly and expressly bases its dismissal of a claim on a state procedural rule" – like the Texas contemporaneous evidence rule, under which a party must make a timely and proper objection to preserve a claim for appellate review – "and that procedural rule provides an independent and adequate ground for the dismissal." *Jasper v. Thaler*, 765 F. Supp. 2d 783, 827 (W.D. Tex. 2011) (citing *Coleman*, 501 U.S. at 735 n.1); *see also Scheanette v. Quarterman*, 482 F.3d 815, 823 (5th Cir. 2007) ("We have recognized a federal petitioner's failure to comply with the Texas contemporaneous objection rule as an adequate and independent state procedural bar to federal habeas review.").

Before the Dallas Court of Appeals, Petitioner argued that the state penal statute under which she was convicted "violates the Eighth Amendment prohibition on cruel and unusual punishment" because it "'violates the proportionality principle applicable to noncapital cases enunciated in *Graham*[.]'" *Benton*, 2020 WL 2124179, at *1-2. The Dallas Court of Appeals disagreed and concluded that Petitioner failed to preserve error on her Eighth Amendment issue for review on appeal because she did not timely raise or amend her motion for a new trial in the state trial court such that the state trial court could consider it under Texas law. *See id.* at *2.

Petitioner argued in her PDR that the Dallas Court of Appeals erred in concluding that she failed to preserve her Eighth Amendment claim for appellate review. *See* Dkt. No. 15-5 at 9-11. The CCA refused the PDR. *See Benton*, PDR No.

PD-0468-20 (Tex. Crim. App. Sept. 16, 2020); *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("[W]here . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar[.]").

Because the last reasoned opinion of the claim – issued by the Dallas Court of Appeals – found that Petitioner waived appellate review of it, as discussed, her claim is barred from federal review unless she can show an exception to the default or cause for the default and resulting prejudice.

Insofar as Petitioner argues that the Dallas Court of Appeals erred in concluding that she failed to preserve her Eighth Amendment challenge for appellate review under Texas law, a federal court may not review a state court's determination of state law issues. *See McCarthy v. Thaler*, 482 F. App'x 898, 903 (5th Cir. 2012); *Thompson v. Thaler*, 432 F. App'x 376, 379 (5th Cir. 2011). "It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law, and we defer to the state courts' interpretation of the Texas. . . statute." *Schaetzle*, 343 F.3d at 449 (quoting *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995)) (internal quotation marks omitted). Accordingly, to the extent her claim hinges on the alleged misapplication of state law on the part of the Dallas Court of Appeals, Section 2254 provides no relief.

As to her claim based on the Eighth Amendment, Petitioner first attempts to excuse her default by relying on *Martinez v. Ryan*, 566 U.S. 1 (2012), as extended to the Texas procedural system by *Trevino v. Thaler*, 569 U.S. 413 (2013). *See* Dkt. No.

6 at 30-31.

But *Martinez* does not apply to claims outside of the ineffective assistance of counsel ("IAC") context, like Petitioner's Eighth Amendment cruel-and-unusual-punishment claim. *See, e.g.*, *Murphy v. Davis*, 732 F. App'x 249, 257-58 (5th Cir. 2018) ("Under *Martinez* and *Trevino*, the ineffectiveness of state habeas counsel may excuse a petitioner's procedural default 'of a single claim' – ineffective assistance of trial counsel.") (quoting *Davila v. Davis*, 582 U.S. 521, 524 (2017)). And, so, Petitioner fails to overcome the procedural default through the limited exception recognized under *Martinez* and *Trevino*.

But a petitioner can also overcome a procedural default by showing cause for the default and actual prejudice that is attributable to the default, or that the federal court's failure to consider the claim will result in a miscarriage of justice. *See Coleman*, 501 U.S. at 750. Petitioner attempts to meet this standard by arguing that it was her state trial "counsel's ineffectiveness that resulted in her default[.]" Dkt. No. 19-1 at 3.

"[I]neffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" that "must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (emphasis in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)); *see also Scoggins v. Lumpkin*, No. 4:22-CV-087-Y, 2023 WL 4982784, at *7 (N.D. Tex. Aug. 3, 2023) (finding that the petitioner's IAC claim could not establish cause for

procedural default where he did not present the IAC claim to the highest state court and failed to show why he should not first be required to do so). Petitioner did not exhaust any IAC claim pertaining to her Eighth Amendment claim before the Texas CCA, so it cannot serve as cause to overcome her procedural default. *See id.*

And, to the extent that Petitioner appears to argue that her failure to exhaust the IAC claim "in turn is excusable pursuant to *Martinez*," her argument fails. Dkt. No. 19-1 at 3.

As noted, the exception recognized in *Martinez* "treats ineffective assistance by a prisoner's state postconviction counsel as cause to overcome the default of a single claim – ineffective assistance of trial counsel – in a single context – where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." *Davila*, 582 U.S. at 524-25. Petitioner's initial state collateral review proceedings are pending in the state habeas court. *See Ex parte Benton*, W16-41572-X(A) (Tex. Crim. Dist. Ct. No. 6 2022). In those ongoing proceedings, she raises her IAC of trial counsel claim through the same counsel as in this Section 2254 action. *See Application for Writ, Ex parte Benton*, W16-41572-X(A) (Tex. Crim. Dist. Ct. No. 6 Aug. 30, 2022), at 6-7, 17.

Petitioner does not and cannot allege ineffective assistance of her state habeas counsel to excuse a default of her IAC claim here to in turn overcome the default of her Eighth Amendment claim. *See Scoggins*, 2023 WL 4982784, at *8 (concluding that *Martinez* did not excuse the petitioner's default where he could still raise his ineffective assistance of trial counsel claim in initial state habeas proceedings).

In sum, because Petitioner fails to show an exception to or cause and prejudice for her procedural default, her claim is barred from federal review in this habeas action.

Petitioner also generally alleges that "the instant error amounts to a structural error which requires that the conviction be overturned and the writ be granted." Dkt. No. 6 at 32 (citing *Brecht v. Abrahamson*, 507 U.S. 619 (1993)). She then asserts that "the error amounts to plain error to which initial default does not impose a barrier for federal review." *Id.* at 33.

Neither structural error nor plain error alone – even if Petitioner had explained or shown that either applies here – excuse or provide an exception to a procedural default on federal habeas review. *See, e.g.*, *Tong v. Lumpkin*, 90 F.4th 857, 869 & n.9 (5th Cir. 2024); *Davis v. Mississippi*, No. 3:15cv421-DPJ-FKB, 2018 WL 5941058 (S.D. Miss. June 13, 2018) ("There is no 'plain error' exception to the procedural default rule.").

**B.     Merits**

Alternatively, Petitioner's Eighth Amendment claim under *Graham* also fails on the merits.

*Graham* involved "a categorical challenge to a term-of-years sentence," *id.*, 560 U.S. at 61, and the Supreme Court ultimately held that the Eighth Amendment "prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." *Id.* at 82. The Supreme Court held that the appropriate analysis for resolving such a challenge under the Eighth Amendment was a two-part

categorical one: "First, the court looks to 'objective indicia of society's standards' to uncover whether there is a 'national consensus against the sentencing practice at issue.' Then the court 'determine[s] in the exercise of its own independent judgment whether the punishment in question violates the Constitution.'" *United States v. Farrar*, 876 F.3d 702, 716-17 (5th Cir. 2017) (quoting *Graham*, 560 U.S. at 61) (internal citation omitted).

Here, in overruling Petitioner's Eighth Amendment *Graham* challenge and affirming the trial court's judgment, the Dallas Court of Appeals stated that, "[e]ven if [Petitioner's] challenge was not waived, this Court and many of our sister courts have rejected her Eighth Amendment argument." *Benton*, 2020 WL 2124179, at *2 (citing cases).

The CCA has interpreted a categorical challenge to a sentence scheme under *Graham* to require consideration of four factors: "(1) whether there is a national consensus against imposing the punishment for the offense; (2) the moral culpability of the offenders at issue in light of their crimes and characteristics; (3) the severity of the punishment; and (4) whether the punishment serves legitimate penological goals." *Meadoux v. State*, 325 S.W.3d 189, 194 (Tex. Crim. App. 2010) (citing *Graham*, 560 U.S. at 62, 67). Applying and weighing these factors – all of which are identified as considerations in the categorical analysis applied in *Graham* – the CCA and Texas courts of appeals have repeatedly rejected categorical challenges under *Graham* to the sentencing scheme for continuous sexual abuse of a child, and held that it does not violate the Eighth Amendment's prohibition against cruel and unusual

punishment. *See Benton*, 2020 WL 2124179, at *2 (relying on cited cases); *Aguilar v. State*, No. 04-20-00056-CR, 2021 WL 2668834, at *5-8 (Tex. App. – San Antonio June 30, 2021, no pet.) (finding that the "fact that there is not a national consensus on the proper punishment for [continuous sexual abuse of a child] supports the proposition that there is not a national consensus *against* a punishment range of twenty-five to ninety-nine years without parole," and that the remaining factors also weighed against an Eighth Amendment violation); *Mireles v. State*, No. 04-19-00157-CR, 2019 WL 5765750, at *2-4 (Tex. App. – San Antonio Nov. 6, 2019, no pet.) (analyzing *Meadoux* factors and rejecting Eighth Amendment challenge to sentencing scheme for continuous sexual abuse of a child).

Petitioner fails to show that the Dallas Court of Appeals's rejection of her Eighth Amendment *Graham* claim on the merits (and in the alternative) was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state proceedings. *See Glover v. Davis*, No. 2:15-CV-117-D, 2018 WL 3598769, at *3 (N.D. Tex. June 25, 2018) (denying Section 2254 relief on a petitioner's categorical challenge under *Graham* to Texas statutory scheme for continuous sexual abuse of a child), *rec. adopted*, 2018 WL 3586269 (N.D. Tex. July 26, 2018), *cert. of appealability denied*, No. 18-11118, 2019 WL 11729689 (5th Cir. Apr. 25, 2019).

## Recommendation

The Court should deny with prejudice Petitioner's application for federal

habeas relief under 28 U.S.C. § 2254.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 14, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE